BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
ERIC L. MACKIE (Cal. Bar No. Pending)
Assistant United States Attorney
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Chief, General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3289 / 4850
     Facsimile: (213) 894-0141
     E-mail:    eric.mackie@usdoj.gov
                frances.lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00500-PA |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION |
| v. | |
| JACOB DANIEL TERRAZAS, | Hearing Date: November 3, 2025 |
| Defendant. | Hearing Time: 3:00 p.m. |
| | Location:    Courtroom of the Hon. Percy Anderson |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Eric L. Mackie and Frances S. Lewis, hereby files the government's Opposition to defendant JACOB DANIEL TERRAZAS's Motion to Dismiss the First Superseding Indictment for Vindictive Prosecution (Dkt. 73).

//

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 13, 2025                     Respectfully submitted,

                                            BILAL A. ESSAYLI
                                            Acting United States Attorney

                                            JOSEPH T. MCNALLY
                                            Assistant United States Attorney
                                            Acting Chief, Criminal Division


                                            _____/s/_____
                                            ERIC L. MACKIE
                                            FRANCES S. LEWIS
                                            Assistant United States Attorneys

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

TABLE OF AUTHORITIES...............................................ii

MEMORANDUM OF POINTS AND AUTHORITIES................................1

I.    INTRODUCTION.................................................1

II.   FACTUAL BACKGROUND..........................................2

      A.   Defendant Assaulted a Law Enforcement Officer.............2

      B.   The Government Proceeds by Way of a Misdemeanor
           Information..........................................3

      C.   Surveillance Footage Corroborates Defendant's
           Felonious Use of Force................................4

      D.   The Government Obtains a First Superseding Indictment.....5

III.  LEGAL STANDARD..............................................5

IV.   ARGUMENT....................................................8

      A.   Defendant Has Not Alleged Actual Vindictiveness..........8

      B.   Defendant Has Not Established an Appearance or
           Presumption of Vindictiveness..........................9

           1.   Timing Alone, Which Is All Defendant Alleges
                Here, Is Insufficient.............................10

           2.   Defendant Cannot Show a Realistic Likelihood that
                the Felony Charges Would Not Have Been Filed but
                for the Government's Hostility or Punitive Animus
                Toward Defendant's Election to Proceed before the
                Magistrate.......................................14

      C.   Defendant Is Not Entitled to Discovery..................17

V.    CONCLUSION..................................................19

i

**TABLE OF AUTHORITIES**

DESCRIPTION                                                          PAGE

Blackledge v. Perry,
  417 U.S. 21 (1974) ........................................... 7, 15
Bordenkircher v. Hayes,
  434 U.S. 357 (1978) ............................................. 6
Adamson v. Ricketts,
  865 F.2d 1011 (9th Cir. 1988) .............................. 13, 15
North Carolina v. Pearce,
  395 U.S. 711 (1969) ............................................ 15
United States v. Ali,
  27 F. App'x 728 (9th Cir. 2001) ............................... 18
United States v. Arenas-Ortiz,
  339 F.3d 1066 (9th Cir. 2003) .................................. 6
United States v. Armstrong,
  517 U.S. 456 (1996) ......................................... 5, 18
United States v. Brown,
  875 F.3d 1235 (9th Cir. 2017) .................................. 7
United States v. Burt,
  619 F.2d 831 (9th Cir. 1980) ................................... 8
United States v. Falcon,
  347 F.3d 1000 (7th Cir. 2003) ................................. 19
United States v. Gallegos-Curiel,
  681 F.2d 1164 (9th Cir. 1982) ............................. passim
United States v. Gamez-Orduno,
  235 F.3d 453 (9th Cir. 2000) ............................... 6, 14
United States v. Goodwin,
  457 U.S. 368 (1982) ....................................... passim
United States v. Griffin,
  617 F.2d 1342 (9th Cir. 1980) .............................. 10, 12
United States v. Heidecke,
  900 F.2d 1155 (7th Cir. 1989) ................................. 19
United States v. Jenkins,
  504 F.3d 694 (9th Cir. 2007) ........................... 7, 13, 16
United States v. Kent,
  649 F.3d 906 (9th Cir. 2011) ............................... 6, 12
United States v. Love,
No. 10CR2418-MMM, 2011 WL 1326013, at *2 (S.D. Cal. Apr. 6, 2011),
  aff'd, 642 F. App'x 700 (9th Cir. 2016) ...................... 17
United States v. Martinez,
  105 F. App'x 190 (9th Cir. 2004) ............................. 18
United States v. Martinez,
  785 F.2d 663 (9th Cir. 1986) ................................. 14
United States v. Pettus,
  No. 320CR00100SLGMMS 2021 WL 5930844 (D. Alaska Dec. 15, 2021) ... 13
United States v. One 1985 Mercedes,
  917 F.2d 415 (9th Cir. 1990) ................................. 18

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                    PAGE

United States v. Robison,
  644 F.2d 1270 (9th Cir. 1981) ...................................... 13
United States v. Sanders,
  211 F.3d 711 (2d Cir. 2000) ....................................... 18
United States v. Schaefer,
  No. 3:17-CR-00400-HZ 2019 WL 267711 (D. Or. Jan. 17, 2019) ........ 7
Walton v. Arizona,
  497 U.S. 639 (1990) ............................................... 13
Wayte v. United States,
  470 U.S. 598 (1985) ................................................ 5

Statutes

18 U.S.C. § 2(a) ..................................................... 5
18 U.S.C. § 111 ................................................... 1, 3
18 U.S.C. §§ 111(a)(1) ............................................... 5

Rules

Federal Rule of Criminal Procedure 6(e) ........................... 2, 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In June 2025, defendant JACOB DANIEL TERRAZAS ("defendant") threw chunks of a smashed-up cinder block at a line of Border Patrol Agents who were attempting to protect federal personnel and property in Paramount, California, during a protest that turned violent. Following his arrest, the government filed a complaint charging him with violating 18 U.S.C. § 111: Assault on a Federal Officer.  The government subsequently filed an information charging him with misdemeanor simple assault against a federal officer.  (Dkt. 1).  On August 5, 2025, after the grand jury returned a true bill, the government filed the First Superseding Indictment -- the operative charging instrument -- charging defendant with felony assault with a dangerous weapon inflicting bodily injury and aiding and abetting the same.  (Dkt. 48).

Defendant now seeks to dismiss that indictment, arguing that the government's decision to present the First Superseding Indictment on August 5, 2025, was retaliatory, supposedly done solely in response to his election a few days earlier to have his jury trial take place before a Magistrate Judge rather than a District Court judge.  (Dkt. 73).  His motion fails for several reasons.  First, defendant has not and cannot proffer any evidence of actual vindictiveness -- and he does not claim to.  Second, defendant has not established a presumption of vindictiveness should arise from his election of a routine, pre-trial decision in misdemeanor cases to proceed before a Magistrate Judge and not a District Judge.  Timing alone, which is all defendant alleges, is insufficient to give rise to a presumption of vindictiveness.

Because defendant has failed to make the prima facie showing required to warrant discovery or an evidentiary hearing, his motion to dismiss should therefore be denied in its entirety.[1]

## II.   FACTUAL BACKGROUND

### A.   Defendant Assaulted a Law Enforcement Officer

On Saturday, June 7, 2025, a protest took place near the Homeland Security Investigations ("HSI") facility in Paramount, California, sparked by a mistaken belief that an immigration raid was occurring at a nearby Home Depot.  What began as a peaceful demonstration escalated into a violent confrontation when protestors began throwing rocks and broken pieces of cinderblock at federal agents.  After law enforcement declared an unlawful assembly and used less-than-lethal munitions to disperse the crowd, most protestors departed.  Defendant, however, remained at the scene.  He joined a small group that hid behind bushes, a tree, and a makeshift shield to advance toward the skirmish line and launch projectiles at Border Patrol agents.

At one point, a large man wearing a balaclava-style mask retrieved a pallet of cinderblocks from the rear of the Home Depot, smashed it on the ground, and -- along with defendant and others -- used the pieces to continue the assault.  Below is a screenshot from

---

[1] To the extent the Court disagrees and holds that defendant has established a presumption of vindictiveness here, the government will rebut that presumption with evidence from its internal decision-making processes and the Grand Jury records in this case.  The government does not do so at this time, however, because defendant has not established an entitlement to discovery into those issues, and such records would be typically shielded from public disclosure under various privileges and Federal Rule of Criminal Procedure 6(e).  The government nonetheless files concurrently herewith an in camera declaration that identifies that timeline with the Court.  None of the arguments in this brief rely on that declaration.

2

the Home Depot's surveillance footage showing defendant hiding behind his shield and gesturing to the man who smashed the cinderblock to hand him a piece:



Defendant and those he was aiding and abetting struck at least two agents, one of whom suffered a bloodied shin through his pants from the impact.

Defendant was arrested that same day after one of the injured agents identified him as an aggressor.  The following day, June 8, 2025, a complaint was filed against defendant, signed by the Honorable Jacqueline Chooljian, United States Magistrate Judge for the Central District of California.  (Dkt. 1.)  Although no surveillance or body-worn camera footage was yet available that weekend, the supporting affidavit recounted that multiple agents saw defendant throw objects believed to be rocks and identified him as the individual who struck them.  (Id.)

**B.    The Government Proceeds by Way of a Misdemeanor Information**

On the afternoon of June 18, 2025, the government filed an information charging a misdemeanor violation of 18 U.S.C. § 111, simple assault on a federal officer.  Simple assault does not include

as an element that defendant made physical contact, caused bodily injury, or used a deadly or dangerous weapon.  The government simultaneously moved to dismiss the pending criminal complaint, which was granted.  (Dkts. 18, 29.)

Defendant was arraigned on the information on July 11, 2025, and the Court set a trial date before the Honorable Percy Anderson, United States District Judge, for August 12, 2025.

**C.    Surveillance Footage Corroborates Defendant's Felonious Use of Force**

Following the filing of the information, the government obtained new video surveillance evidence from Home Depot, which depicted defendant picking up pieces of broken cinderblock and throwing them toward law enforcement officers.  The video also confirmed that the clothing of the individual shown throwing cinderblock chunks matched that of defendant at the time of his later arrest (white socks, white sneakers with a black Nike swoosh, and a black tank top), and the victim-agents reaffirmed that the same person (meaning, defendant) had struck them with the cinderblocks.  The surveillance footage was produced to the defense on July 14, 2025.

On July 23, 2025, the Court held a status conference, during which the government reported that it had recently obtained the Home Depot surveillance footage.  The following day, at the Court's request, the government filed the video with the Court.  (Dkt. 37.) The district court initially scheduled a further status conference for August 1, 2025, but advanced it to July 30, 2025.  On July 28, 2025, the parties stipulated to defendant's request to continue the trial date from August 12, 2025, to September 23, 2025.

4

On July 29, 2025, however, while the trial stipulation was pending, defendant elected to proceed before a magistrate judge for all purposes, but did not waive his right to a jury trial.  At the July 30, 2025 hearing in District Court, the government did not dispute that the statute permitted defendant to elect to have his jury trial take place before the Magistrate Court.  This Court entered an order noting that defendant's waiver to proceed before a United States Magistrate Judge was accepted, and the case would proceed accordingly.  On August 1, 2025, the Honorable Karen L. Stevenson, United States Magistrate Judge issued a scheduling notice setting a status conference for the following Tuesday, August 5, 2025.

### D.      The Government Obtains a First Superseding Indictment

On August 5, 2025, the grand jury returned a single-count felony indictment charging defendant with assault on a federal officer using a deadly and dangerous weapon resulting in bodily injury, in violation of 18 U.S.C. §§ 111(a)(1), (b), and aiding and abetting, in violation of 18 U.S.C. § 2(a).  (Dkt. 48.)

## III. LEGAL STANDARD

It is well established that prosecutors possess broad discretion in deciding which cases to prosecute and what charges to bring. Wayte v. United States, 470 U.S. 598, 607 (1985).  As the Supreme Court has repeatedly emphasized, "in the absence of clear evidence to the contrary, courts presume that [United States Attorneys] have properly discharged their official duties."  United States v. Armstrong, 517 U.S. 456, 464 (1996).  This principle reflects a "high degree of deference to the decision of prosecuting authorities to bring charges, because the Constitution assigns that decision to the

5

executive branch of government." United States v. Arenas-Ortiz, 339 F.3d 1066, 1068 (9th Cir. 2003) (citation omitted). Accordingly, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).

For that reason, a claim of vindictive prosecution imposes a demanding standard. To prevail, a defendant must show that the government increased or added charges "solely to 'penalize' the defendant and [that such charges] could not be justified as a proper exercise of prosecutorial discretion." United States v. Goodwin, 457 U.S. 368, 380 n.12 (1982);[2] see also United States v. Gamez-Orduno, 235 F.3d 453, 462 (9th Cir. 2000) ("A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right."). The Supreme Court and Ninth Circuit have consistently distinguished improper retaliation from legitimate charging judgment: "A charging decision does not levy an improper penalty unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution." Goodwin, 457 U.S. at 380 n.11 (emphasis added); see also United States v. Kent, 649 F.3d 906, 912–13 (9th Cir. 2011).

Under this framework, a defendant may establish vindictive prosecution in one of two ways. First, the defendant may produce direct evidence of the prosecutor's punitive motivation. United

---

[2] After all, "[t]he imposition of punishment is the very purpose of virtually all criminal proceedings." Goodwin, 457 U.S. at 372.

States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir. 1982); see also United States v. Jenkins, 504 F.3d 694, 699 (9th Cir. 2007). Alternatively, a defendant may establish a presumption of vindictiveness by showing that additional charges "were filed because [the defendant] exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." Id.

"[T]he severe presumption [of vindictiveness] should not be invoked lightly." Gallegos-Curiel, 681 F.2d at 1171 (citing Goodwin, 457 U.S. at 373-374). This presumption of vindictiveness generally arises only when the government increases charges after trial or during trial, not before it. Goodwin, 457 U.S. at 376–77, 381; Blackledge v. Perry, 417 U.S. 21, 26–28 (1974). As the Supreme Court explained, "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." Goodwin, 457 U.S. at 381. The pretrial stage -- where prosecutors continue to evaluate evidence, interview witnesses, and present matters to the grand jury -- requires deference to ordinary prosecutorial reassessment. See also United States v. Brown, 875 F.3d 1235, 1240 (9th Cir. 2017) (holding that the mere fact that the government indicted upon receiving defendant's written declaration during the pretrial stage of a case did not create a presumption of vindictiveness); United States v. Schaefer, No. 3:17-CR-00400-HZ, 2019 WL 267711, at *9 (D. Or. Jan. 17, 2019) (no presumption of vindictiveness during pretrial stage when increased charges filed after motions practice).

Only in the rare instance when defendant establishes facts sufficient to trigger a presumption of vindictiveness does the burden

7

shift back to the government to rebut it.  See United States v. Burt, 619 F.2d 831, 836 (9th Cir. 1980).  The government may overcome the presumption by presenting objective evidence that its decision was proper, non-retaliatory, or justified by independent reasons or intervening circumstances that dispel any appearance of vindictiveness.  See Gallegos-Curiel, 681 F.2d at 1168.

## IV.    ARGUMENT

### A.    Defendant Has Not Alleged Actual Vindictiveness

Defendant offers no direct evidence of actual vindictiveness; he does not allege -- nor could he -- that prosecutors made any express statements or engaged in any conduct suggesting the superseding indictment was intended as punishment.  There are no allegations of threats, retaliatory remarks, or communications indicating hostility toward the defendant's election to proceed before a magistrate judge. Indeed, when this came up at the July 30 status conference, the government acknowledged defendant could make such an election, and defendant does not claim that the government professed any hostility towards his decision.  (Mot. at 4-5 (citing Dkt. No. 68 at 5).)

Just as the Supreme Court found in Goodwin, there is "no evidence in this case that could give rise to a claim of actual vindictiveness; the prosecutor never suggested that the charge was brought to influence [defendant]'s conduct."  457 U.S. at 380–81. Likewise, the Ninth Circuit in Gallegos-Curiel found no basis for an actual vindictiveness claim where "the case before [the Court] contain[ed] no allegations of express threats or harassment."  681 F.2d 1164, 1169 (9th Cir. 1982).  The same is true here.

**B.      Defendant Has Not Established an Appearance or Presumption of Vindictiveness**

Defendant has also not come close to meeting the threshold for establishing a presumption of vindictiveness.  Having presented no direct evidence of hostility or punitive intent, he instead asks the Court to infer vindictiveness solely from the timing of the superseding indictment relative to when he elected to proceed with a jury trial before a Magistrate Judge.  This argument is flawed for two reasons.

First, inferences from timing alone are insufficient to trigger a presumption.  Gallegos-Curiel, 681 F.2d at 1168 ("[T]he link of vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right, or because they would not have been taken but for exercise of a defense right.").  In other words, "[a] sequence of events is not enough; the likelihood of retaliation is crucial."  Id. at 1171 (emphasis added).

Second, as just stated, the presumption of vindictiveness results "only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus toward the defendant because he has exercised his specific legal rights."  Id. at 1169.  Not all decisions by a defendant in a criminal case will trigger a presumption of vindictiveness, because not all decisions come with a reasonable likelihood that any subsequent decision by a prosecutor to increase the charges would not have happened "but for" some punitive animus toward that specific decision.  Defendant has cited no case -- and the government is aware of none -- that has applied the presumption of vindictiveness when charges were increased following a

9

defendant's election to proceed with a misdemeanor jury trial in Magistrate Court, rather than a jury trial in District Court.  Such an election is nothing more than a routine pre-trial decision that does not meaningfully change the government's burden or case in any way.  This Court should not be the first to create a presumption of vindictiveness under such circumstances.

               1.    Timing Alone, Which Is All Defendant Alleges Here, Is Insufficient

Courts have consistently rejected the notion that a sequence of events -- without more -- can establish vindictive prosecution.  When increased charges are filed in the routine course of prosecutorial review or as a result of continuing investigation, there is no realistic likelihood of prosecutorial abuse, and therefore no appearance of vindictive prosecution arises merely because the prosecutor's action followed the exercise of a defense right.  United States v. Griffin, 617 F.2d 1342, 1347 (9th Cir. 1980).  As the Supreme Court explained in Goodwin, "a charging decision does not levy an improper 'penalty' unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution."  457 U.S. 368, 380 n.11 (1982).  This principle is particularly true in the pretrial context where prosecutorial decision-making is dynamic and necessarily evolves as evidence is reviewed and new information is developed.

In Gallegos-Curiel, 681 F.2d at 1164, the Ninth Circuit rejected an argument strikingly similar to the one advanced here.  There, the defendant alleged vindictive prosecution because he was indicted for a felony only after entering a plea of not guilty to a misdemeanor

10

charge before a magistrate judge.  The court held that, under Goodwin, that sequence of events "was not alone sufficient to raise an appearance of vindictive prosecution."  Id. at 1169.  The felony indictment in Gallegos-Curiel was obtained only days after the misdemeanor complaint was filed and well before trial, i.e., circumstances almost indistinguishable from this case.  As the Ninth Circuit observed, "[a]t this pretrial stage in the proceedings, the prosecutor's assessment of society's interest in prosecuting [the defendant] certainly could not have crystallized, and the prosecution should not be bound by the initial charge filed."  Id. (quoting Goodwin, 457 U.S. at 381–82).

Indeed, the Supreme Court in Goodwin underscores why no presumption can arise here.  The Court explained that "in the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance."  Id. at 381.  "To presume that every case is complete at the time an initial charge is filed," the Court continued, "is to presume that every prosecutor is infallible—an assumption that would ignore the practical restraints imposed by often limited prosecutorial resources."  Id. at 382 n.14.  The decision to bring additional or more serious charges as the investigation progresses is therefore a legitimate exercise of prosecutorial discretion, not an indication of animus.

Defendant's claim that the felony indictment was returned after he elected to proceed before a magistrate judge does not transform an ordinary charging decision into a retaliatory one.  Like the six-week delay in obtaining an indictment in Goodwin, "the timing of the

11

prosecutor's action in this case suggests that a presumption of vindictiveness is not warranted." 457 U.S. at 381. Indeed, "the prosecution has the right, if not the duty," to make "an objective assessment of the prosecution's position [about whether] charges should be increased or made more precise ... or to state more accurately the Government's position," Gallegos-Curiel, 681 F.2d at 1169. Holding otherwise would allow the defense to impose strict investigative time limits upon the prosecution which would "give a defendant a free ride for separate crimes he may have committed, or to prevent a prosecutor from bringing new charges as a result of changed or altered circumstances which properly bear on prosecutorial discretion." Griffin, 617 F.2d at 1348 (citation omitted). The presumption is inappropriate here. See Goodwin, 457 U.S. at 382. Based on all of this, "it is unrealistic to assume the prosecutor's pretrial response would be vindictively motivated." Kent, 649 F.3d at 914.

The government's pretrial conduct in this case falls squarely within the reasoning of Goodwin and Gallegos-Curiel: prosecutors remain free, before trial, to exercise their discretion in light of developing evidence, and the mere timing of the decision to seek a felony indictment does not create a realistic likelihood of vindictiveness.

Defendant cites to Garza-Juarez for the mistaken proposition that where the case is handled by the same sovereign, and the new charges relate to the same original conduct, that timing alone can trigger the presumption. (Mot. at 8.) This is a classic case of the inverse fallacy. As Adamson explained -- the en banc decision from which the language defendant quotes in Garza-Juarez was derived -- a

12

vindictive prosecution claim is "weakened" when different facts and different sovereigns are involved. Adamson v. Ricketts, 865 F.2d 1011, 1018 (9th Cir. 1988) (en banc) (citing United States v. Robison, 644 F.2d 1270, 1272-73 (9th Cir. 1981)), overruled on other grounds by Walton v. Arizona, 497 U.S. 639 (1990). The presence of both the same sovereign and the same conduct, however, are alone insufficient to create a presumption, as defendant seems to now suggest, or else numerous cases would not have come out the way they did: Goodwin and Bordenkircher chief among them.[3] See also United States v. Pettus, No. 320CR00100SLGMMS, 2021 WL 5930844, at *3 (D. Alaska Dec. 15, 2021) ("[A] presumption of vindictiveness does not arise whenever no new evidence or information has been obtained prior to the filing of additional charges.").

The defendant's reliance on Jenkins is similarly misplaced. The defendant in that case was indicted on one set of charges, but after Jenkins presented a "reasonably credible defense" to those charges at trial, by way of the defendant's own testimony, the government filed a second indictment adding charges it easily could have filed before the defendant's testimony. See 504 F.3d at 698-700. These facts raised a strong inference that the government was punishing defendant for testifying, but even without that inference, Jenkins would be distinguishable for the simple reason that vindictiveness "is far more likely to occur ... after the initial prosecution than in a

---

[3] Garza-Juarez is also distinguishable because it related to increased charges in the plea-bargaining context. The Ninth Circuit concluded that because the new charges were tied to the rejection of a plea bargain rather than any exercise of a constitutional or statutory right, "the charges were not linked exclusively to the [defendant's recently filed] motion to dismiss" and were thus not vindictive under Bordenkircher. Id.

pretrial setting." United States v. Martinez, 785 F.2d 663, 669 (9th Cir. 1986). "Vindictiveness claims are . . . evaluated differently when the additional charges are added during pretrial proceedings." Gamez-Orduno, 235 F.3d at 462.

Defendant's reliance on the fact that the criminal complaint here included an allegation of physical injury and an allegation that defendant used cinderblocks, based not on video evidence but on information provided by the victims, does not move the needle. For one, as already discussed, Jenkins was a trial case. For two, defendant does not claim, like the Court found in Jenkins, that "the government's alien smuggling case essentially was open and shut even before Jenkins testified in court." Here, with or without the Home Depot surveillance footage, defendant has very much disputed the strength of the government's case against him, and thus cannot dispute that the surveillance and body-worn footage obtained in July makes the case much stronger than it was at the time of the complaint.

2.    Defendant Cannot Show a Realistic Likelihood that the Felony Charges Would Not Have Been Filed but for the Government's Hostility or Punitive Animus Toward Defendant's Election to Proceed before the Magistrate

Defendant also has not and cannot show that his election to proceed before a magistrate judge was the exercise of the kind of right that would have caused hostility or punitive animus by the prosecution. Defendant did not waive his right to a jury trial; instead, he simply elected to proceed with his jury trial in front of a Magistrate Judge instead of before this Court. The exercise of this right did not alter the government's obligations, increase its

14

burden, or in any way prejudice its ability to prosecute the case -- whether the case proceeded in front of a magistrate judge or a district court judge, the government's responsibilities remained identical.  Nor did the government view defendant's election as dispositive or adverse in any way.  There was no "disappointing result" or other circumstance suggesting an improper motive to "up the ante."  Adamson, 865 F.2d at 1018.

Given these circumstances, "[i]t is unrealistic to assume that a prosecutor's probable response" to such an election "was to seek to penalize and to deter."  Goodwin, 457 U.S. at 381.  As the Supreme Court and Ninth Circuit have cautioned, "the severe presumption [of vindictiveness] should not be invoked lightly."  Gallegos-Curiel, 681 F.2d at 1171 (citing Goodwin, 457 U.S. at 373-374).  In Goodwin, the Supreme Court rejected the defendant's vindictive prosecution claim, reasoning that "[t]he possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so unlikely that a presumption of vindictiveness certainly is not warranted."  457 U.S. at 384. Although the defendant's not-guilty plea and request for a jury trial required the government to prove its case, these rights did not trigger the kind of institutional bias or duplicated proceedings that animated earlier cases finding vindictiveness, such as Blackledge, 417 U.S. at 21, and North Carolina v. Pearce, 395 U.S. 711 (1969). Because the assertion of such pretrial rights is routine and expected, the Court held that "the severe presumption of vindictive prosecution [was] not warranted."  Goodwin, 457 U.S. at 384.

15

So too here.  The nature of the right defendant exercised -- i.e., electing to proceed before a magistrate judge -- does not warrant a presumption of vindictiveness.  Indeed, defendant has offered no reason as to why federal prosecutors would care about whether the jury trial in this case took place before a magistrate judge or a district court judge, and it strains credulity to suggest that the mere forum of a jury trial could prompt any prosecutorial animus, where the government would be held to the same burden. Defendant has also failed to explain why the exercise of such a routine pretrial decision may be chilled in future cases by future defendants.  Jenkins, 504 F.3d at 694.

Defendant's reliance on Ruesga-Martinez, which is a case from the 1970s that pre-dates Goodwin, Gallegos-Curiel, Gamez-Orduno, and Kent, is similarly unavailing.  In 1982, the Supreme Court's decision in Goodwin undermined the application of a presumption of vindictiveness in pre-trial settings.  Thus, although the Ninth Circuit in Ruesga-Martinez, for example, applied a presumption when prosecutors added felony charges after a defendant did not waive his right to a jury trial, the Supreme Court in Goodwin held that the election of a jury (as opposed to bench trial) was not the sort of right that could support a presumption of vindictiveness.  "The distinction between a bench trial and a jury trial does not compel a special presumption of prosecutorial vindictiveness whenever additional charges are brought after a jury is demanded."  Goodwin, 457 U.S. at 383.  Ruesga-Martinez effectively held to the contrary.

Even if Ruesga-Martinez retained the level of vitality defendant gives it (Mot. at 11-12), defendant's application of its holding to this case does not support his conclusion.  There, the government

16

expressly asked defendant to waive his right to a jury trial, and he refused.  It indicted soon after.  Here, the government did not ask defendant to remain in District Court; the decision was left to the defendant.  This was a routine decision by a defendant, and there is no reasonable likelihood that future defendants would view the timing of the superseding indictment under these circumstances as punitive. See also United States v. Love, No. 10CR2418-MMM, 2011 WL 1326013, at *2 (S.D. Cal. Apr. 6, 2011), aff'd, 642 F. App'x 700 (9th Cir. 2016) (rejecting presumption of vindictiveness when government increased charges following a defendant's routine assertion of his right to a jury trial).  A defendant's consent to proceed before a Magistrate Judge is such a routine decision that a standard form even exists for a defendant to make this election in this District.

Just as the defendants' requests for jury trials in Goodwin and Gallegos-Curiel were routine pretrial actions integral to the adversarial process, a defendant's invocation of his right to a jury trial is "routinely made and is expected as part of the adversary process, so that it is unrealistic to assume the prosecutor's pretrial response would be vindictively motivated."  See Gallegos-Curiel, 681 F.2d at 1170.  The mere fact that the government obtained a superseding indictment after defendant exercised this particular statutory right does not suggest animus or punishment.[4]

**C.   Defendant Is Not Entitled to Discovery**

To the extent defendant somehow claims is now entitled to discovery on his vindictive prosecution claim, he must first make a

_____

[4] Defendant did not, for example, allege a presumption of vindictiveness given that the superseding charges came shortly after he waived his right to a Speedy Trial, another very common pretrial waiver in this district.

prima facie showing through "some evidence tending to show the existence of the essential elements of [the] particular claim." United States v. One 1985 Mercedes, 917 F.2d 415, 421 (9th Cir. 1990); see also United States v. Ali, 27 F. App'x 728, 732 (9th Cir. 2001) (same); United States v. Martinez, 105 F. App'x 190, 193 (9th Cir. 2004) (same).  This burden is "rigorous." United States v. Sanders, 211 F.3d 711, 717 (2d Cir. 2000) (quoting United States v. Armstrong, 517 U.S. 456, 468 (1996)).  Courts have emphasized that "examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." Sanders, 211 F.3d at 717 (quoting Armstrong, 517 U.S. at 465).  For that reason, "defendants must meet a correspondingly high threshold before obtaining discovery." Id.

Here, defendant has fallen well short of that threshold. His claim rests entirely on speculation and timing -- namely, that the superseding indictment was returned after he elected to proceed before a magistrate judge. That sequence alone is legally insufficient to establish a prima facie case of vindictiveness. The Ninth Circuit has repeatedly rejected similar requests for discovery where, as here, a defendant offers no evidence of hostility, no statements suggesting animus, and no factual basis to infer a retaliatory motive. See Ali, 27 F. App'x at 732 (affirming denial of discovery request where defendant failed to establish presumption of vindictive prosecution); Martinez, 105 F. App'x at 193 (affirming denial of discovery where defendant failed to produce "some evidence" of vindictiveness); One 1985 Mercedes, 917 F.2d at 421 (same); see

18

also United States v. Falcon, 347 F.3d 1000, 1005-06 (7th Cir. 2003) (denying discovery where claim was speculative and unsupported); United States v. Heidecke, 900 F.2d 1155, 1159 (7th Cir. 1989) ("We must guard against allowing claims of vindictive prosecution to mask abusive discovery tactics by defendants."); see also United States v. Ford, 2:22-CR-200-PA, Dkt. 55 (C.D. Cal. Sept. 6, 2022)(Minute Order Denying Motion for Vindictive Prosecution and Motion to Compel Discovery).

Finally, even if Court concludes defendant has made out a prima facie case (he has not) and the burden would then shift to the government, the United States can rebut any presumption through neutral, independent, and case-specific evidence showing that its decision to seek a superseding indictment was justified by legitimate prosecutorial considerations.  To that end, the government has submitted an in camera declaration under seal previewing the relevant facts and circumstances surrounding its charging decisions timeline. Because the government maintains that this motion can be decided without reference to those facts, the government requests that the filing be maintained in camera, since it reflects the government's work product, deliberative process, and the secrecy surrounding the grand jury process.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's Motion to Dismiss the First Superseding Indictment for Vindictive Prosecution.

19

The undersigned, counsel of record for the United States, certifies that this brief contains [state the number of] words, which complies with the word limit of L.R. 11-6.1."

Dated: October 13, 2025                 Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        Acting United States Attorney

                                        JOSEPH T. MCNALLY
                                        Assistant United States Attorney
                                        Acting Chief, Criminal Division


                                        _____/s/_____
                                        ERIC L. MACKIE
                                        FRANCES S. LEWIS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA