UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 25-00500 PA | | Date | October 30, 2025 |
|---|---|---|---|---|

Present: The Honorable    PERCY ANDERSON

Interpreter    N/A

| Kamilla Sali-Suleyman | Not Reported | Eric Mackie, AUSA |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jacob Daniel Terrazas | Not | | √ | Gabriela Rivera, DFPD | Not | √ | |
| | | | | Ryan Shelley, DFPD | Not | √ | |

**Proceedings:**        IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss for Vindictive Prosecution ("Motion") filed by defendant Jacob Daniel Terrazas ("Defendant").  (Docket No. 73.)  The Motion is fully briefed. (Docket Nos. 73, 75, 78.)  The Court finds this matter appropriate for decision without oral argument and vacates the hearing calendared for November 3, 2025.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant is accused of assaulting a federal officer on June 6, 2025 during a protest at a Homeland Security Investigations office located in Paramount, California.  According to the Complaint, Defendant was identified as one of several individuals who threw remnants of cinderblock and rocks at border patrol agents who were present at the protest, and one of the agents was injured when hit by a piece of cinderblock on his left shin.  (Docket No. 1.)  On June 18, 2025, the government moved to dismiss the Complaint, and filed an Information charging Defendant with violating 18 U.S.C. § 111(a)(1), simple Assault on a Federal Officer (a class A misdemeanor).  (Docket Nos. 18, 30.)

The Court set an initial status conference for July 23, 2025.  At that hearing, the government informed the Court that it had recently obtained surveillance video footage of the incident from a nearby business, Home Depot.  The next day the government filed a copy of that video footage with the Court.  (Docket No. 37.)  On July 31, 2025, at the continuation of the status conference, Defendant advised the Court that he had signed a Consent to Proceed Before a Magistrate Judge in a Class A Misdemeanor Case, waiving his right to proceed before the District Court, and agreeing to have his case heard by a Magistrate Judge.  United States Magistrate Judge Karen L. Stevenson set a hearing for August 5, 2025, but that hearing was vacated after the government filed a First Superseding Indictment ("FSI") charging Defendant with violating 18 U.S.C. §§ 111(a)(1), (b), felony Assault on a Federal Employee Using a Deadly and Dangerous Weapon Resulting in Bodily Injury.  (Docket Nos. 42, 46, 48.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

On September 29, 2025, Defendant filed this Motion, asking the Court to dismiss the FSI on the grounds that the government's decision to seek the indictment was presumptively vindictive because it was filed after Defendant's assertion of his "procedural right" to proceed before a Magistrate Judge. Defendant also requests that if the Court is not inclined to dismiss the FSI, that the Court order discovery and provide him with an opportunity to examine and challenge any evidence put forward by the government to rebut the presumption of vindictiveness. (Reply at p. 14.)

## II.    LEGAL STANDARD

### A.    Vindictive Prosecution

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." United States v. Gamez-Orduno, 235 F.3d 453, 462 (9th Cir. 2000) (citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1985)). "A defendant may establish vindictive prosecution (1) by producing direct evidence of the prosecutor's punitive motivation, or (2) by showing that the circumstances establish a reasonable likelihood of vindictiveness, thus giving rise to a presumption that the Government must in turn rebut." United States v. Kent, 649 F.3d 906, 912–13 (9th Cir. 2011) (cleaned up). "[T]he mere appearance of vindictiveness is enough to place the burden on the prosecution." United States v. Ruesga-Martinez, 534 F.2d 1367, 1369 (9th Cir. 1976). Once the burden shifts to the prosecution, the Court must decide whether the prosecutor has come forward "with sufficient evidence to dispel any appearance of vindictiveness." United States v. Jenkins, 504 F.3d 694, 699 (9th Cir. 2007). The government must establish that the additional charges "did not stem from a vindictive motive, or [were] justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness." United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir. 1982). However,"the appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." Id. at1164 (citing United States v. Goodwin, 457 U.S. 368, 384 (1982)). Thus, before any presumption attaches, a defendant must prove an improper prosecutorial motive. See United States v. Garza-Juarez, 992 F.2d 896, 906 (9th Cir. 1993) (requiring "[e]vidence indicating a realistic or reasonable likelihood of vindictiveness").

"Particularly when a vindictiveness claim pertains to pretrial charging decisions, the Supreme Court urges deference to the prosecutor. Deference is appropriate for pretrial charging decisions because, 'in the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution.'" United States v. Brown, 875 F.3d 1235, 1240 (9th Cir. 2017) (citation omitted) (quoting Goodwin, 457 U.S. at 381). Thus, "in the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." Gamez-Orduno, 235 F.3d at 462 (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

### B.    Discovery

The threshold to obtain discovery in aid of a vindictive prosecution claim requires "some evidence" to show that a prosecutorial charging decision was motivated by a desire to punish the defendant for exercising a protected legal right.  United States v. Sanders, 211 F.3d 711, 717 (2d Cir. 2000) (citing Goodwin, 457 U.S. at 383 n.11); see United States v. One 1985 Mercedes, 917 F.2d 415, 421 (9th Cir. 1990) ("[A] criminal defendant may be entitled to discovery if he or she establishes a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense."). This standard is necessarily rigorous because the examination of prosecutorial motives "delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decision-making to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy."  United States v. Armstrong, 517 U.S. 456, 465 (1996) (citation and quotations omitted).

## III.    GOVERNMENT'S EX PARTE APPLICATION

On October 13, 2025, the government filed an ex parte application to permit an in camera submission.  (Docket No. 76.)  Defendant opposed the request.  (Docket No. 77.)  The Court has considered the government's application and the opposition and has determined, for good cause shown, to permit the in camera filing of both the application and submission.  However, for the reasons discussed below, the Court concludes that Defendant has failed to establish either the exercise of a right that could trigger a presumption of vindictiveness or, even if there were the exercise of such a right, circumstances that otherwise create a reasonable likelihood supporting a presumption of vindictiveness. Because the burden never shifted to the government to present evidence refuting the presumption of vindictiveness, the Court has not considered the government's submission in ruling on Defendant's Motion.

## IV.    ANALYSIS

Defendant contends that the timing and circumstances surrounding the filing of the First Superseding Information (FSI) give rise to a presumption of prosecutorial vindictiveness.  Specifically, that the FSI was filed immediately after he executed the Consent to proceed before a Magistrate Judge, and that both the alleged conduct and the charging sovereign remained unchanged at the time of the relevant charging decisions.  (Motion at pp. 8–9.)  He further asserts that the extended interval between the filing of the initial Complaint and the FSI, the government's decision to dismiss the Complaint in favor of a misdemeanor charge, and its failure to disclose any intent to pursue an indictment collectively "compound the appearance of vindictiveness."  (Id. at p. 9; Reply at pp. 3–4.)

In response, the government argues that temporal proximity alone is insufficient to support a claim of vindictive prosecution.  It maintains that the nature of the right asserted does not trigger a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

presumption of vindictiveness and that Defendant has not demonstrated the requisite "something more" to establish a reasonable likelihood of prosecutorial animus.  (Opp'n at pp. 9–17.)

### A.      Exercise of a Protected Right that Triggers the Presumption

Defendant's Motion fails in the first instance because he cannot establish the basis for a vindictive prosecution claim – the exercise of a protected legal right.  Goodwin, 383 U.S. at 380 & n.11 (citing Bordenkircher, 434 U.S. at 364) ("A charging decision does not levy an improper "penalty" unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution.")  Without the exercise of such a right, there is no government action in response to the exercise of a protected right, and no corresponding presumption of vindictiveness.  Defendant's Motion relies entirely on his "Consent" to proceed before a Magistrate Judge – he argues that after he filed this Consent, a presumption of vindictive animus attached to the government's decision to charge him with a felony.  Consent to proceed before a Magistrate Judge, however, is not the exercise of a protected right.  Defendant has cited no procedural, statutory or constitutional "right" to a trial in front of a Magistrate Judge, and 18 U.S.C. § 3401(f) establishes that there is no such right.  Specifically, 18 U.S.C. § 3401(f) states that the "district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate judge upon the court's own motion."  After Defendant signed his Consent and raised the issue at the status conference, the Court permitted the transfer.  But that permission does not transform Defendant's Consent into the exercise of a procedural, statutory, or constitutional right.

In actuality, Defendant's Consent was a waiver of his statutory right to proceed before a district court judge rather than an exercise of a right.  The Ninth Circuit case relied on by Defendant in support of his Motion, United States v. Ruesga-Martinez, 534 F.2d 1367 (9th Cir. 1976), demonstrates exactly how Defendant's Consent waived, rather than asserted a right.  In Ruesga-Martinez, the defendant was charged with a misdemeanor and then refused to waive his statutory right under 18 U.S.C. § 3401(b) to proceed before the district court.  Id. at 1370.[1/]  After this refusal, the government indicted the defendant on more severe felony charges, implying retaliation for the defendant's exercise of his right to have his case adjudicated by a district court judge.  Id.  The Ninth Circuit premised its conclusion that the defendant was entitled to a presumption of vindictiveness on the fact that the defendant "originally possessed, at the very least, the statutory right to be tried by a district judge rather than a magistrate."  Id. (citing 18 U.S.C. § 3401(b)).

---

[1/]      18 U.S.C. § 3401(b) provides that a defendant has "a right to trial, judgment, and sentencing by a district judge . . . . The magistrate judge may not proceed to try the case unless the defendant . . . expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Here, by contrast, Defendant did not assert his statutory right under section 3401(b).  Instead, he consented to be tried before the Magistrate Judge – thereby waiving this right, and not exercising one. Because a presumption of vindictiveness for government action taken in response to the exercise of a protected right requires the exercise of such a right, Defendant's Motion necessarily fails.  See Bordenkircher, 434 U.S. at 363 (explaining that a due process violation is limited to instances in which the prosecutor acts vindictively in response to the invocation of a legal right); Gallegos-Curiel, 681 F.2d at 1168 (requiring showing that more severe charges were filed "because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness.").

**B.      Presumption of Vindictiveness**

Even if Defendant could show that he exercised a protected right, the law in the Ninth Circuit is clear that "[t]he timing of the indictment alone . . . is insufficient" to satisfy the burden of creating a presumption of vindictiveness.  Brown, 875 F.3d at 1240; see also United States v. Robison, 644 F.2d 1270, 1273 (9th Cir. 1981) (rejecting appearance-of-vindictiveness claim resting on "nothing more than the post hoc ergo propter hoc fallacy"); Gallegos-Curiel, 681 F.2d at 1168 (stating that "the link of vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right").  In other words, correlation does not necessarily imply causation.  Although Defendant argues that additional factors involved in this case support a presumption of vindictiveness (see Reply at pp. 3-4.), the Court concludes that Defendant fails to meet his burden.

"[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights."  Gallegos-Curiel, 681 F.2d at1169.  Here, Defendant fails to show that the government's decision to charge him with felony assault would not have occurred but for hostility or punitive animus.  Indeed, the circumstances support the contrary finding – that the government reevaluated the charges after receipt of the video footage of the incident that could be used to corroborate the victim's testimony, thereby strengthening the government's case.  (See Docket No. 37; Opp'n at pp. 4–5, 14.)  The facts presented here demonstrate exactly why the Supreme Court urges deference to prosecutors when a vindictiveness claim pertains to pretrial charging decisions.  Deference is appropriate because, "in the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution."  Goodwin, 457 U.S. at 381; see also Kent, 649 F.3d at 913 ("Although enhanced charges will often accompany failed plea negotiations, prosecutors may add charges pretrial for any number of permissible reasons, such as coming to a new understanding of the crime or evidence.  The Supreme Court has urged deference to a prosecutor's discretion to elevate charges in light of the pretrial 'timing' of such conduct, not just its factual context.") (citations omitted).[2]

---

[2]      That the same conduct and sovereign were involved at the time of both charging decisions similarly fails to establish that a presumption of vindictiveness should apply in this case.  Courts have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Moreover, the nature of the "right" asserted in this case – the Consent to proceed before a Magistrate Judge for trial and sentencing – would not typically cause hostility or punitive animus. The Consent did not change the fact that the government would still have to prove its case to a jury – the government's prosecutorial obligations remained the same in either forum. Nor did the Consent prejudice the government's ability to prosecute the case. Because Defendant offers no reason why the government would care whether the jury trial in this case took place before a District Judge or a Magistrate Judge, there is no reason or basis to shift the burden to the government by presuming vindictiveness or to otherwise assume or infer a retaliatory or punitive motive. See Gallegos-Curiel, 681 F.2d at 1170 (presumption not warranted because "the entry of the not guilty plea, like the motion to be tried by jury, is routinely made and is expected as part of the adversary process, so that it is unrealistic to assume the prosecutor's pretrial response would be vindictively motivated.").

Nor has Defendant shown that he is entitled to discovery – he simply does not meet the exacting standard of presenting "some evidence" of improper prosecutorial motivation. Indeed, Defendant does not provide any evidence in support of his Motion other than the timing of and circumstances surrounding the charging decision. Defendant also failed to establish that he exercised a protected right in the first instance. The Court concludes that under these circumstances, Defendant has failed to meet his burden to establish either a presumption of vindictiveness or entitlement to discovery to test the evidence upon which the government might rely to refute that presumption.

### Conclusion

For all the foregoing reasons, the Court finds that Defendant has not met his burden to demonstrate that he exercised a protected right, that the presumption of vindictiveness is warranted, or that he is entitled to discovery. Accordingly, the Court denies Defendant's Motion to Dismiss.

IT IS SO ORDERED.

---

routinely found no presumption of vindictiveness without any change in conduct or new evidence, especially during pre-trial proceedings. See Bordenkircher, 434 U.S. at 358-59, 365 (holding that prosecutor did not violate the due process clause of the Fourteenth Amendment by charging the defendant so that he was subject to a longer sentence after defendant refused to plead guilty where the prosecutor was in possession of all the evidence at the time of the original indictment); United States v. Pettus, No. 3:20-CR-00100-SLG-MMS, 2021 WL 5930844, at *3 (D. Alaska Dec. 15, 2021) ("a presumption of vindictiveness does not arise whenever no new evidence or information has been obtained prior to the filing of additional charges") (citing Kent, 649 F.3d at 913). This is especially true given that here, the government had new evidence to consider.